UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANDRADE,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:22-cv-00861-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 16). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

Plaintiff presents the following issues:

1. The ALJ failed to incorporate limitations from the State Agency medical consultant, Randall J. Garland, Ph.D., despite finding his opinion persuasive.

2. The ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the DOT as required by Social Security Ruling 00-4p

(ECF No. 16, p. 2).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows:

## I. ANALYSIS

### A. Dr. Garland's Limitations

Plaintiff argues that the ALJ erred by failing to incorporate limitations opined by Dr. Garland despite finding his opinion persuasive. (ECF No. 16, p. 4). Before addressing this issue, some background information is necessary.

In May 2018, Dr. Patricia Heldman, a State agency consultant, concluded that Plaintiff was moderately limited in "[t]he ability to understand and remember detailed instructions" but opined that Plaintiff could "understand and remember instructions for simple tasks." (A.R. 88). At the reconsideration stage, Dr. Garland, a State agency consultant, concluded that Dr. Heldman's "[p]rior ass't remains appropriate & is adopted." (A.R. 118). More specifically, Dr. Garland also concluded that Plaintiff was moderately limited in understanding and remembering detailed instructions, but concluded that Plaintiff was capable of the following:

> For recon: Prior ass't adopted. Cl should at least be able to meet the following criteria on a sustained basis in a competitive, remunerative work context: To understand, carry out, and remember simple instructions (e.g., understanding and learning terms, instructions, and procedures; maintaining attention /concentration for approximately 2 hour blocks; understanding, carrying out, & remembering 1 to 2 step instructions; recognizing a mistake and correcting it; being able to work consistently and at a reasonable pace for approximately hour segments between arrival, first break, lunch, second break, and departure; attending work regularly without excessive early departures or absences during the typical 8 hour per day 5 days per week or equivalent schedule); to make simple judgments and work-related decisions; to respond appropriately to supervision, coworkers and work situations (e.g., asking simple questions or requesting assistance, accepting instructions, responding appropriately to criticism from supervisors, cooperating with others, appropriately handling disagreements with others, not distracting others or exhibiting behavioral extremes); and to deal with changes in a routine work setting.

(A.R. 122).

Upon review, the ALJ found persuasive the opinions of Dr. Heldman, Dr. Garland, and another doctor—Dr. Ekram Michiel—who found Plaintiff capable of carrying out simple job instructions. (A.R. 33, 820). The ALJ assessed Plaintiff's RFC as follows:

> After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform a range of work at the medium exertional level as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, he is able to lift and carry 50 pounds occasionally and 25 pounds frequently. He has no standing, walking or sitting limitations. He can occasionally climb ladders, ropes, and use scaffolds. He can use stairs on an occasional basis. He should not work in a hazardous work environment, such as working at unprotected heights, operating fast or dangerous machinery or driving commercial vehicles. The claimant can do all jobs that require monocular vision only. He is precluded from work that requires binocular vision or depth perception. The claimant is limited to simple, routine, repetitive tasks and can only communicate in Spanish. In addition, he has the ability to read and write simple messages in Spanish.

(A.R. 28).

Plaintiff argues that the ALJ erred by finding Dr. Garland's opinion persuasive but yet failing to limit Plaintiff in the RFC to "understanding, carrying out, & remembering 1 to 2 step instructions." (ECF No. 16, p. 4; A.R. 122). And had the ALJ incorporated this limitation, Plaintiff would not be capable of the occupations relied on by the ALJ at Step 5 because they "require a reasoning level of 2 or greater" and "[a] limitation to 1-2 step instructions or tasks conflicts with work requiring more than reasoning level 1." (ECF No. 16, p. 5); *see Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015) (noting of the six GED Reasoning Levels, "Level One reasoning requires a person to apply 'commonsense understanding to carry out simple one- or two-step instructions.'").

Defendant argues that the ALJ did not need limit Plaintiff to following 1 to 2 step instructions because this "was an example of work that Plaintiff could perform," not an opinion on "the most" that Plaintiff could do. (ECF No. 17, p. 8). Moreover, Defendant contends that "a limitation to simple work accounts for moderate limitations." (*Id.*).

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain,

1  that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec.*
2  *Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In
3  reviewing findings of fact with respect to RFC assessments, this Court determines whether the
4  decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means
5  "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a
6  preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such
7  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
8  *Richardson*, 402 U.S. at 401 (internal citation omitted).

Because Plaintiff applied for benefits in 2018, certain regulations concerning how ALJs must evaluate medical opinions for claims filed on or after March 27, 2017, govern this case. 20 C.F.R. §§ 404.1520c, 416.920c. (AR 24). Notably, an ALJ cannot reject a medical opinion "without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Accordingly, it would be error to deem an opinion persuasive but yet fail, without explanation, to omit limitations from the opinion in the RFC. *See Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) ("By disregarding [medical] opinions and making contrary findings, [the ALJ] effectively rejected them. His failure to offer reasons for doing so was legal error."); *Ismael A. v. Berryhill*, No. EDCV 17-02458-AFM, 2018 WL 6697178, at *4 (C.D. Cal. Dec. 19, 2018) (concluding that an ALJ erred by purporting to accept a doctor's opinions but then failing to include, without explanation, opined limitations in the RFC).

With these standards in mind, the parties' dispute comes down to the interpretation of Dr. Garland's opinion. Plaintiff contends that Dr. Garland's assessment—that Plaintiff could understand, carry out, and remember 1 to 2 step instructions—reflects the most he can do. (ECF No. 20, p. 3). Defendant counters that following 1 to 2 step instructions is only one example of Plaintiff's capabilities within Dr. Garland's broader assessment—that Plaintiff could understand, carry out, and remember simple instructions—it does not reflect the most he can do. (ECF No. 17, p. 8). The Court agrees with Defendant.

The structure of Dr. Garland's opinion indicates that Plaintiff's ability to follow 1 to 2 step instructions was offered as only an example of what he can do as part of a

broader limitation.

> Cl should at least be able to meet the following criteria on a sustained basis in a competitive, remunerative work context: *To understand, carry out, and remember simple instructions* (e.g., understanding and learning terms, instructions, and procedures; maintaining attention /concentration for approximately 2 hour blocks; *understanding, carrying out, & remembering 1 to 2 step instructions*; recognizing a mistake and correcting it; being able to work consistently and at a reasonable pace for approximately 2 hour segments between arrival, first break, lunch, second break, and departure; attending work regularly without excessive early departures or absences during the typical 8 hour per day 5 days per week or equivalent schedule).

(A.R. 122). Specifically, the key passage at issue—that Plaintiff is capable of "understanding, carrying out, & remembering 1 to 2 step instructions"—is featured in a parenthetical as an example (the opinion uses "e.g.,") of what Plaintiff can do as part of being able "[t]o understand, carry out, and remember simple instructions." (A.R. 122). The structure of the opinion does not suggest that Dr. Garland was opining that Plaintiff could, at most, perform 1 to 2 step instructions.

Other courts have reached similar conclusions. For example, in *Corwin*, doctors opined that the plaintiff was "capable of understanding, remembering and carrying out simple one to two step tasks" and "[t]hey also opined that Plaintiff was capable of performing simple and routine tasks." *Corwin v. Kijakazi*, No. 1:20-CV-00394-GSA, 2021 WL 5771658, at *3 (E.D. Cal. Dec. 6, 2021). In rejecting the plaintiff's argument that the RFC improperly failed to limit the plaintiff to 1 to 2 step tasks, the Court concluded that an ALJ should read two statements of lesser and greater limitations "cumulatively when formulating the RFC, given that the RFC is the most an individual can do, not the least." *Id.* at *4. "In other words, if Plaintiff can perform not only simple one to two step tasks but also simple and routine tasks, it is appropriate for the RFC to reflect only the latter." *Id.* Similarly, in *Nyberg*, a doctor "opined both that Plaintiff can engage in 'SRT' – simple repetitive tasks – and that Plaintiff could only engage in '1-2 step tasks.'" *Nyberg v. Comm'r of Soc. Sec.*, No. 2:20-CV-0338-DMC, 2021 WL 1295378, at *6 (E.D. Cal. Apr. 7, 2021). The Court found no error with the ALJ declining to limit Plaintiff to 1 to 2 step tasks in the RFC, concluding as follows:

> It is clear that [the doctor] opined that the most Plaintiff can do is simple repetitive work, which is precisely the residual functional capacity described by the ALJ. Because the ALJ accounted for [the doctor's] opinion as to the most Plaintiff can do, the Court finds no error in the ALJ's analysis.

*Id.* at *6.[1]

Additionally, the context of the record indicates that the operative limitation is that Plaintiff can follow simple instructions as opposed to being specifically limited to only 1 to 2 step instructions. Importantly, Dr. Garland adopted the prior assessment of Dr. Heldman—both found moderate limitations in carrying out "detailed instructions" but found Plaintiff capable of following "instructions for simple tasks." (A.R. 88-89, 118, 120-22).

Moreover, it is worth noting that the ALJ found persuasive the opinion of a third doctor—Dr. Michiel—who opined that Plaintiff could "carry out simple job instructions." (A.R. 33, 820). Importantly, an ability to follow simple instructions is consistent with Level 2 Reasoning, which is the reasoning level required for two of the jobs that the ALJ assessed Plaintiff capable of performing. (A.R. 35); *see* Counter-supply worker, DOT 319.687-010, available at 1991 WL 672772 (requiring Level 2 reasoning); Cleaner II, DOT 919.687-014, 1991 WL 687897 (requiring Level 2 reasoning); *Jaross v. Berryhill*, No. 2:16-CV-1861-EFB, 2017 WL 4181115, at *4 (E.D. Cal. Sept. 20, 2017) ("[C]ourts have regularly concluded that an ability to perform simple instructions is consistent with Level 2 Reasoning.") (collecting cases).

In conclusion, because the record does not establish that Dr. Garland intended to limit Plaintiff to only following 1 to 2 step instructions, the ALJ did not err by failing to include such a limitation in the RFC despite finding Dr. Garland's opinion persuasive.

### B. Apparent Conflict

Plaintiff next argues that "[t]he ALJ failed to resolve an apparent conflict between the

---

[1] Plaintiff acknowledges this line of caselaw but argues that it is distinguishable because "Dr. Garland did not opine two different limitations." (ECF No. 20, p. 3). Plaintiff relies on *Tainter*, which concluded that an opinion finding the plaintiff able to "understand, remember, apply knowledge and carry out a 2-step command involving simple instructions" was a single limitation, with "simple" modifying the "operative limitation" of "a 2-step command." *Tainter v. Kijakazi*, No. 1:20-CV-01770-GSA, 2023 WL 1767736, at *7 (E.D. Cal. Feb. 3, 2023). However, the Court finds *Tainter* distinguishable because, as explained above, Dr. Garland's reference to Plaintiff following 1 to 2 step instructions was not the defining limitation of the opinion; rather, it was only one example of Plaintiff's abilities within the operative limitation—that Plaintiff can follow simple instructions.

vocational expert's testimony and the DOT as required by Social Security Ruling 00-4p." (ECF No. 16, p. 5). Specifically, Plaintiff contends that the ALJ erred at Step Five by concluding that Plaintiff could perform the occupation of linen-room attendant despite the DOT description of the job requiring GED Reasoning Level 3, which is inconsistent with a limitation in the RFC to "simple, routine, repetitive tasks." (*Id.*).

Defendant does not contest this issue on the merits but argues that "any error is harmless because the ALJ relied on 175,000 other national jobs Plaintiff could perform" based on the combined total for two different jobs, counter-supply worker and vehicle cleaner (also known as Cleaner II). (ECF No. 17, p. 9). Defendant argues that these jobs require Reasoning Level 2, which is consistent with the RFC limiting Plaintiff to simple, routine, repetitive tasks. (*Id.*). Although Plaintiff has filed a reply, he does not address Defendant's argument. (ECF No. 20).

Upon review, the Court finds any error to be harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (noting that "harmless error applies in the Social Security context"). Notably, without considering the linen-room attendant position, there would still be 175,000 national jobs available to Plaintiff for purposes of Step 5 when combining the positions of counter-supply worker and vehicle cleaner. (A.R. 35); *see Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (internal citation and quotation marks omitted) (noting that, at Step Five, "the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations"). Plaintiff has not argued that such a number would be an insignificant number of national jobs. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) ("The ALJ did not err in concluding . . . that 25,000 jobs also signifies a significant number of jobs in several regions of the country."). Moreover, Plaintiff has not argued that such jobs, which require Reasoning Level 2, are inconsistent with the RFC limiting him to simple, routine, repetitive tasks. *See Coleman v. Astrue*, No. CV 10-5641 JC, 2011 WL 781930, at *5 (C.D. Cal. Feb. 28, 2011) ("The Court recognizes, as defendant points out, that the weight of prevailing authority precludes a finding of any inconsistency between a reasoning level of two and a mere limitation to simple, repetitive tasks or unskilled work."). Accordingly, any error on this issue "was inconsequential to the

ultimate nondisability determination." *Stout*, 454 F.3d at 1055.

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __May 23, 2023__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE